Dear Chief Droddy:
This office is in receipt of your request for an opinion of the Attorney General regarding power to direct the operation of a police department when there is an elected Chief of Police.
This office has rendered numerous opinions holding that in a Lawrason Act community with an elected Chief of Police he shall have control over the administration of his department. In Atty. Gen. Op. No. 95-135 this office stated as follows:
 In answer to your inquiry about the power of the mayor and council over the police department in relation to that of the Chief of Police, the Chief of Police is the final authority in the day-to-day operation of his office and equipment in regard to the carrying out his duty of enforcement of all ordinances within the municipality and all applicable state laws. Despite this authority, the Board of Aldermen have authority over the budget for the department. Once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. However, R.S. 33:462 requires all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance. Therefore, while the mayor is not given the power to supervise and control the police department of an elected chief of police, the chief of police's inherent authority over his department is limited in its application for the expenditure of police department funds inasmuch as it is required that all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance with all warrants drawn on the treasury expressing on its face to whom it was issue, for what purpose and the ordinance authorizing the issuance of the warrant.
While the Chief of Police has control of the day-to-day operations of his department this is subject to certain statutory restrictions exercised by the governing authority. As noted by this office in Atty. Gen. Op. No. 93-666 the courts have recognized that the Chief of Police "is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots", but this office further observed this authority is subject to funds being budgeted and appropriated pursuant to municipal ordinances.
In line with this reasoning it was observed in Atty. Gen. Op. No 95-275 since the Chief of Police is in control of the day-to-day operation of the equipment of the department, the governing authority cannot tell the chief of police what car or how many he can operate except indirectly insofar as they control what is budgeted for that expense.
In that Opinion this office further stated that the governing authority cannot assign work hours for the police personnel but since the Chief of Police does not hire or fire the police officers but can only recommend individuals for hiring, the governing authority may control the number of police on the force. Setting the budget or amending the budget may result in the salaries of police officers being changed.
These observations are generalizations based upon conclusions in earlier opinions on the law relative to the power of the governing authority to direct the operation of the police department of the elected chief of police. If you have a more specific question as to the authority of the governing authority in directing the police department do not hesitate to contact us, but we hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 15, 1997
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General